UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY BUCCANEERS, and
NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

    Petitioners,

vs.                                  CASE No:

KEENAN McCARDELL and
NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION,

    Respondents.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners, the Tampa Bay Buccaneers and the National Football League Management Council (collectively "Petitioners"), seek confirmation of an arbitration award against Respondents, Keenan McCardell and the National Football League Players Association, and entry of judgment in conformity with the arbitration award.

*Summary of Petition*

This is a petition filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-13, to confirm an arbitration award entered in accordance with a collective bargaining agreement subject to the Labor-Management Relations Act, 29 U.S.C. § 185, and to enter a judgment in conformity with the arbitration award.

*Parties and Jurisdiction*

1.    The Tampa Bay Buccaneers ("Buccaneers") is one of the member clubs of the National Football League ("NFL") with its principal place of business in Tampa, Florida.

2.    The National Football League Management Council ("NFL Management Council") is an association with its principal place of business in New York, New York. The

NFL Management Council is the sole and exclusive bargaining representative of present and future employer member clubs of the NFL.

3. Keenan McCardell ("McCardell") was a professional football player employed by the Buccaneers when events that are the subject of the underlying arbitration occurred.

4. The National Football League Players Association ("NFLPA") is an association incorporated in the Commonwealth of Virginia with its principal place of business in Washington, D.C. The NFLPA is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL players. The NFLPA regularly represents players employed in this judicial district for the purposes of collective bargaining and some of its members reside in the Middle District of Florida.

5. The arbitration award that is the subject of these proceedings for confirmation arose from and was rendered pursuant to a collective bargaining agreement within the meaning of the Labor-Management Relations Act, 29 U.S.C. § 185.

6. This Court has jurisdiction over these proceedings under 28 U.S.C. §§ 1331 and 2 U.S.C. § 185.

7. Venue is proper in this District pursuant to 9 U.S.C. § 9, 28 U.S.C. § 1391, and 29 U.S.C. § 185.

*Facts*

8. The parties are bound by a Collective Bargaining Agreement ("CBA") negotiated between the NFL Management Council (on behalf of the NFL member clubs, including the Buccaneers) and the NFLPA (on behalf of all NFL players). A copy of the *2002-2008 NFL Collective Bargaining Agreement* is attached as Exhibit A.

9. In accordance with the CBA, the Buccaneers and McCardell entered into a Player Contract setting the terms of McCardell's employment, which agreement was governed by Article XIV of the NFL CBA. *See* CBA at 39-44.

10. Prior to his breach of the NFL Player Contract, McCardell's performance under the NFL Player Contract occurred in large part in Hillsborough County, Florida.

11. Based on McCardell's breach of the NFL Player Contract, the Buccaneers and the NFL Management Council filed a non-injury grievance against McCardell and the NFLPA pursuant to Article IX of the CBA ("Article IX"). *See* CBA at 22-26. The grievance demanded the return from McCardell of $1,500,000 paid to him.

12. Pursuant to Article IX, the non-injury grievance filed against McCardell and the NFLPA was subject to arbitration. *See* CBA at 22-26.

13. On February 16, 2005, an arbitration hearing was conducted in accordance with Article IX in New York, New York, before an arbitrator appointed as provided by Article IX.

14. An arbitration award ("Arbitration Award") was rendered in the form of the September 30, 2005, opinion and award. A copy of the Arbitration Award is attached as Exhibit B.

15. The decision of the arbitrator as stated in the Arbitration Award is: "The Club's grievance is granted. Keenan McCardell shall forthwith repay the Tampa Bay Buccaneers the total sum of $1,500,000." Arbitration Award at 24.

16. Under the CBA, the Arbitration Award constitutes the "full, final, and complete disposition of the grievance, and will be binding upon the Player(s) and Club(s) involved and the parties to the Agreement..." CBA Art. IX, § 8.

17. To date, McCardell has not complied with the Arbitration Award and he has failed to pay the sum awarded to the Buccaneers.

18. McCardell has not sought to vacate, modify or challenge the Arbitration Award.

19.     Petitioners are entitled to confirmation of the Arbitration Award and entry of judgment in conformity with the award pursuant to the Labor Management Relations Act, 29 U.S.C. § 185 and §§ 9 & 13 of the FAA. *See Miami Dolphins LTD. v. Williams*, 356 F. Supp. 2d 1301 (S.D. Fla. 2005).

WHEREFORE, Petitioners, the Tampa Bay Buccaneers and the National Football League Management Council, seek an order (i) confirming the arbitration award against Respondents, Keenan McCardell and the National Football League Players Association, (ii) entering judgment in favor of the Buccaneers against McCardell for the sum of $1,500,000, plus interest from the entry of the Arbitration Award, (iii) awarding Petitioners their attorneys' fees and costs in bringing this action and interest on the Arbitration Award, and (iv) providing Petitioners with such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ E.R. Matheney*

Timothy A. Hunt, Esquire
Florida Bar No. 375764
Erik R. Matheney, Esquire
Florida Bar No. 0005411
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Telephone No. (813) 221-2900
Facsimile No. (813) 221-3900

- and –

Daniel L. Nash, Esquire
Brook F. Gardiner, Esquire
AKIN GUMP STRAUSS HAUER &
FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone No. (202) 887-4067
Facsimile No. (202) 955-7791
*Applications for Admission Pro Hac Vice
to be filed*
*Counsel for Petitioners*